# APPENDIX

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Civil Action No. 2:17-cv-442-JRG<br>Lead Case<br>Jury Trial Demanded |
| SEVEN NETWORKS, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. AND<br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>     Defendants. | Civil Action No. 2:17-cv-441-JRG<br>Consolidated Case<br>Jury Trial Demanded |

### SEVEN NETWORKS, LLC'S NOTICE OF SUBPOENAS TO CEQUEL III COMMUNICATIONS I, LLC D/B/A SUDDENLINK COMMUNICATIONS

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff SEVEN Networks, LLC will serve the subpoenas attached as Exhibit 1 on Cequel III Communications I, LLC d/b/a Suddenlink Communications.

Dated: January 19, 2018

Respectfully submitted,

*/s/ Nadia E. Haghighatian*

**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Herbert J. Hammond**
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**J. Michael Heinlen**
  State Bar No. 24032287
  Michael.Heinlen@tklaw.com
**Adrienne E. Dominguez**
  State Bar No. 00793630
  Adrienne.Dominguez@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia E. Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Matthew Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**SEVEN NETWORKS, LLC.**

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF**
**SEVEN NETWORKS, LLC.**

## CERTIFICATE OF SERVICE

I certify that on January 19, 2018, I served the foregoing document, along with all

exhibits and attachments, on counsel of record for Defendants via email.

/s/ Nadia E. Haghighatian
Nadia E. Haghighatian

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| SEVEN Networks, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-cv-00442-JRG |
| Google LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Cequel III Communications I, LLC d/b/a Suddenlink Communications

To:       c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company,
211 E. 7th St., Ste. 620, Austin, TX 78701-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Thompson & Knight LLP<br>1722 Routh St., Ste. 1500<br>Dallas, TX 75201 | Date and Time:<br>02/09/2018 9:00 am |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: See Exhibit B | Date and Time:<br>02/09/2018 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       01/19/2018

*CLERK OF COURT*

OR

_____          /s/ Nadia E. Haghighatian
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
SEVEN Networks, LLC                                      , who issues or requests this subpoena, are:
Nadia E. Haghighatian, Thompson & Knight LLP, One Arts Plaza, 1722 Routh St., Ste. 1500, Dallas, TX 75201;
nadia.haghighatian@tklaw.com; 214.969.1700

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App'x 5

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-cv-00442-JRG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

App'x 6

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

App'x 7

## EXHIBIT A

## DOCUMENT REQUESTS

Please produce the following:

1.      A copy of each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, this would include any "Beta Service Agreement: Google Global Cache (GGC) Service" agreements.

2.      All notices, requests, and consents sent to Google, or received from Google, in connection with each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, these would include any change notifications (notices relating to the relocation of Equipment[1]); contact & location details (including those about Equipment location, such as address/floor/rack); and remote assistance requests.

3.      All correspondence between you and Google related to each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017.

4.      Documents sufficient to identify the location of Google Equipment housed by you under each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017, and the buildings, hallways, rooms, spaces, places, equipment, and other locations where you house such Equipment.

5.      All communications with Google regarding this subpoena or the litigation between Google and SEVEN Networks, LLC.[2]

---

[1] Such equipment includes, for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service (hereinafter, "Equipment").

[2] *SEVEN Networks, LLC v. Google LLC*, Case No. 2:17-cv-00442-JRG, filed in the Eastern District of Texas.

## <u>EXHIBIT B</u>

### REQUESTS FOR INSPECTION

1.      The Google Equipment (for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service) housed by you under each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017, and the buildings, hallways, rooms, spaces, places, equipment, and other locations where you house such Equipment.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| SEVEN Networks, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:17-cv-00442-JRG |
| Google LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Cequel III Communications I, LLC d/b/a Suddenlink Communications

To:    c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company,
211 E. 7th St., Ste. 620, Austin, TX 78701-3136

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Thompson & Knight LLP<br>1722 Routh St., Ste. 1500<br>Dallas, TX 75201 | Date and Time:<br><br>02/13/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Audio, Video, and Stenographic

❑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/19/2018

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Nadia E. Haghighatian<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
SEVEN Networks, LLC _____ , who issues or requests this subpoena, are:
Nadia E. Haghighatian, Thompson & Knight LLP, One Arts Plaza, 1722 Routh St., Ste. 1500, Dallas, TX 75201;
nadia.haghighatian@tklaw.com; 214.969.1700

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App'x 10

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:17-cv-00442-JRG

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

App'x 11

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

App'x 12

# EXHIBIT A

## DEPOSITION TOPICS

1.      Each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, this would include negotiations and communications that resulted in the agreement, the conduct of the parties under the agreement, and the obligations of the parties under the agreement.

2.      Notices, requests, and consents sent to Google, or received from Google, in connection with each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, these would include any change notifications (notices relating to the relocation of Equipment[1]); contact & location details (including those about Equipment location, such as address/floor/rack); and remote assistance requests.

3.      Correspondence between you and Google related to each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017.

4.      Communications between you and Google regarding this subpoena or the litigation between Google and SEVEN Networks, LLC.[2]

---

[1] Such equipment includes, for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service (hereinafter, "Equipment").

[2] *SEVEN Networks, LLC v. Google LLC*, Case No. 2:17-cv-00442-JRG, filed in the Eastern District of Texas.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SEVEN NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 2:17-cv-442-JRG <br> Lead Case <br> Jury Trial Demanded |
| SEVEN NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD., <br><br> Defendants. | Civil Action No. 2:17-cv-441-JRG <br> Consolidated Case <br> Jury Trial Demanded |

### SEVEN NETWORKS, LLC'S NOTICE OF SUBPOENAS TO CABLE ONE, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff SEVEN Networks, LLC will serve the subpoenas attached as Exhibit 1 on

Cable One, Inc.

SEVEN's Notice of Subpoenas to Cable One, Inc.                                    Page 1

Dated: January 23, 2018

Respectfully submitted,

*/s/ Nadia E. Haghighatian*

**Bruce S. Sostek**
  State Bar No. 18855700
  Bruce.Sostek@tklaw.com
**Max Ciccarelli**
  State Bar No. 00787242
  Max.Ciccarelli@tklaw.com
**Herbert J. Hammond**
  State Bar No. 08858500
  Herbert.Hammond@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**J. Michael Heinlen**
  State Bar No. 24032287
  Michael.Heinlen@tklaw.com
**Adrienne E. Dominguez**
  State Bar No. 00793630
  Adrienne.Dominguez@tklaw.com
**Vishal Patel**
  State Bar No. 24065885
  Vishal.Patel@tklaw.com
**Nadia E. Haghighatian**
  State Bar No. 24087652
  Nadia.Haghighatian@tklaw.com
**Austin Teng**
  State Bar No. 24093247
  Austin.Teng@tklaw.com
**Matthew Cornelia**
  State Bar No. 24097534
  Matt.Cornelia@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS, LLC.**

**Samuel F. Baxter**
  Texas State Bar No. 01938000
  sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**Theodore Stevenson, III**
  Texas State Bar No. 19196650
  tstevenson@mckoolsmith.com
**Eric S. Hansen**
  Texas State Bar No. 24062763
  ehansen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF
SEVEN NETWORKS, LLC.**

SEVEN's Notice of Subpoenas to Cable One, Inc.                                          Page 2

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 23, 2018, I served the foregoing document, along with all

exhibits and attachments, on counsel of record for Defendants via email.

*/s/ Nadia E. Haghighatian*
Nadia E. Haghighatian

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| SEVEN Networks, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 2:17-cv-00442-JRG |
| Google LLC | ) | |
| | ) | |
| _Defendant_ | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:
Cable One, Inc.
c/o C T Corp., 1999 Bryan Street, Suite 900, Dallas, Texas 75201

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Thompson & Knight LLP<br> 1722 Routh St., Ste. 1500<br> Dallas, TX 75201 | Date and Time:<br><br>02/12/2018 9:00 am |
|---|---|

☑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: See Exhibit B | Date and Time:<br>02/16/2018 9:00 am |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/23/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| | | /s/ Nadia E. Haghighatian |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
SEVEN Networks, LLC _____ , who issues or requests this subpoena, are:
Nadia E. Haghighatian, Thompson & Knight LLP, One Arts Plaza, 1722 Routh St., Ste. 1500, Dallas, TX 75201;
nadia.haghighatian@tklaw.com; 214.969.1700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App'x 18

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-00442-JRG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DOCUMENT REQUESTS

Please produce the following:

1.      A copy of each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, this would include any "Google Global Cache (GGC) Service" agreements.

2.      All notices, requests, and consents sent to Google, or received from Google, in connection with each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, these would include any change notifications (notices relating to the relocation of Equipment[1]); contact & location details (including those about Equipment location, such as address/floor/rack); and remote assistance requests.

3.      All correspondence between you and Google related to each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017.

4.      Documents sufficient to identify the location of Google Equipment housed by you under each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017, and the buildings, hallways, rooms, spaces, places, equipment, and other locations where you house such Equipment.

5.      All communications with Google regarding this subpoena or the litigation between Google and SEVEN Networks, LLC.[2]

---

[1] Such equipment includes, for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service (hereinafter, "Equipment").

[2] *SEVEN Networks, LLC v. Google LLC*, Case No. 2:17-cv-00442-JRG, filed in the Eastern District of Texas.

**<u>EXHIBIT B</u>**

**REQUESTS FOR INSPECTION**

1.      The Google Equipment (for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service) housed by you under each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017, and the buildings, hallways, rooms, spaces, places, equipment, and other locations where you house such Equipment.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | | |
|---|---|---|
| SEVEN Networks, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:17-cv-00442-JRG |
| Google LLC | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Cable One, Inc.
c/o C T Corp., 1999 Bryan Street, Suite 900, Dallas, Texas 75201

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Thompson & Knight LLP<br>1722 Routh St., Ste. 1500<br>Dallas, TX 75201 | Date and Time:<br>02/16/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Audio, Video, and Stenographic

❏ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       01/23/2018

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Nadia E. Haghighatian |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
SEVEN Networks, LLC
, who issues or requests this subpoena, are:
Nadia E. Haghighatian, Thompson & Knight LLP, One Arts Plaza, 1722 Routh St., Ste. 1500, Dallas, TX 75201;
nadia.haghighatian@tklaw.com; 214.969.1700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App'x 23

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:17-cv-00442-JRG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

App'x 24

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEPOSITION TOPICS[1]

1.      Each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, this would include negotiations and communications that resulted in the agreement, the conduct of the parties under the agreement, and the obligations of the parties under the agreement.

2.      Notices, requests, and consents sent to Google, or received from Google, in connection with each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017. By way of example and not limitation, these would include any change notifications (notices relating to the relocation of Equipment[2]); contact & location details (including those about Equipment location, such as address/floor/rack); and remote assistance requests.

3.      Correspondence between you and Google related to each agreement between you and Google that was in effect from January 1, 2017, until August 22, 2017.

4.      Communications between you and Google regarding this subpoena or the litigation between Google and SEVEN Networks, LLC.[3]

---

[1] To the extent any required witness mileage fee has not already been tendered, the mileage fee will be tendered once the parties finalize the location of the deposition, should it be held at a location other than the one specified in the subpoena, and determine from where the witness will be traveling.

[2] Such equipment includes, for example, edge servers, edge nodes, and equipment relating to the Google Global Cache service (hereinafter, "Equipment").

[3] *SEVEN Networks, LLC v. Google LLC*, Case No. 2:17-cv-00442-JRG, filed in the Eastern District of Texas.